Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, California 94568



**(PR)**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

Astarte Davis-Rice,

      Petitioner,

v.

Harley G. Lappin, Director,
Federal Bureau of Prisons,

and

Paul Copenhaver, Warden,
Federal Correctional Institution-Dublin,

      Respondents.

Case No.: **CV 08 00659**

**MMC**

### PETITION FOR WRIT OF
### HABEAS CORPUS PURSUANT TO 28 U.S.C.S. § 2241;
### HABEAS CORPUS AD SUBJICIENDUM;
### HABEAS CORPUS AUDITA QUERELA, AND
### DECLARITORY JUDGMENT PURSUANT TO 28 U.S.C.S. § 2201
### RULE 57 F.R.CIV.P. BY AFFIDAVIT

#### Jurisdiction

      A petition for writ of habeas corpus is proper in the district in
which the petitioner is confined, though she may have been convicted in
another. See Wilcoxon v. Aldridge, 192 Ga. 634, 15 S.E.2d 873, 146 A.L.R. 365
(1941).

## Interest of Justice

The habeas corpus is a writ of right, it may be issued on an informal application (see <u>Tomkins v. State of Missouri</u>, 323 U.S. 485 (1945)), and may be amended in the interest of justice even if it is insufficient in substance. See <u>Holiday v. Johnston</u>, 313 U.S. 342, 313 U.S. 550 (1941).

## Liberty

The habeas corpus is the supreme remedy for enforcing the law of personal liberty with the passage of the 'Petition of Right' (16 Chas. I, C.10, Sec. 8), and the subsequent enactment of the 'Habeas Corpus Act' (31 Chas. II, C.2, Sec. 1679).

## Legality of Inprisonment

The Habeas Corpus ad Subjiciendum is a writ directed to the person detaining another, and commanding him to produce the body of the prisoner detained. **The purpose of which is to test the legality of Petitioner's imprisonment;** not whether she is guilty or innocent. This writ is guaranteed by United States Constitution, Art. 1, § 9.

## Subsequent Events

The Habeas Corpus Audita Querela, means literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was rendered, but that later became unlawful because of circumstances that arose after the judgment was issued. See <u>Doe v. INS</u>, 120 F.3d 200, 203 n.4 (9th Cir. 1997); the remedy may also be invoked by a prisoner who has served her sentence. See <u>Clark v. Surprenant</u>, 94 F.2d 969 (C.C.A. 9th Cir. 1938). Petitioner is herein asking for relief due to void judgments obtained in 2005.

## Parties

Harley Lappin, Director of the Federal Bureau of Prisons (BOP), Washington, D.C. who has custody of Petitioner and a party of responsibility in this matter, therefore, a named respondent.

-2-

Paul Copenhaver who took over the position of Warden, Federal Correctional Institution, Dublin (F.C.I.-Dublin), California, Petitioner believes in early July 2007 from Schelia Clark, assuming her responsibility of office, who now has the care and well being of the Petitioner. Thereby, a respondent in this matter.

Astarte Davis-Rice, Petitioner herein is a federal prisoner unlawfully warehoused at the F.C.I.-Dublin, who seeks a remedy.

**Creation of a Remedy**

Under a request for declaratory judgment, the court may declare the rights and other legal relations of any interested party seeking such declaration, Petitioner herein seeks the creation of a remedy as shown below, whether or not further relief is or could be sought. 28 U.S.C.S. § 2201, Rule 57, F.R.Civ.P.

**Custody**

Petitioner is in the custody and control of Harley Lappen, Director of BOP; and under the safekeeping of Paul Copenhaver, Warden, F.C.I.-Dublin. She is being held unlawfully under void judgments in violation of the Constitution, statutes, laws, codes and treaties for the tortious acts and omittions with malice by federal government, its agents, agencies and private parties under color of law and office.

Petitioner was designated to the F.C.I.-Dublin by the U.S. Marshal Service on judgment and commitments from the U.S. District Court for the Virgin Islands; sentenced January 31, 1992 to 15-years under case Nos. 88-403, 88-133, 88-132 and 91-00030. She walked away from the federal prison camp in 1998, on her return to custody in 2002, she was sentenced under case No. 02-40212 from the U.S. District Court, Oakland to 2-years, a total of 17-years of imprisonment.

Petitioner will be released in May 2008. The fact that she will have finished serving the full amount of her prison term will not render this

-3-

petition moot, as there is collateral consequences.

**Statement of Facts by Affidavit**

I, Astarte Davis-Rice, Aggrieved Party U.C.C. § 1-201(2); Petitioner, hereinafter 'Affiant,' a woman competent to testify, right of contract unimpaired, of sound mind, majority in age, having the ability to read and understand the English language, holds belief founded upon facts of integrity that the charges and orders founding imprisonment of Affiant are void for fraud, and that upon notice of same, positive action for discharge from imprisonment is mandatory immediately, so stated in support of; correct, complete, not misleading; having first-hand knowledge of what she believes to be true, the evidence presented below by the attached exhibits caused Affiant's documents styled Judgment and Commitments to be **VOID, the imprisonment resulting from same is false.** Duly sworn under oath pursuant to pains and penalties of perjury according to law.

**Affiant avers the following:**

1]      THAT, Affiant is in unlawful custody under void judgments, and has been from the beginning; in violation of the Constitution, statutes, laws, codes and treaties of the United States for tortious acts with malice by government agents, agencies and private parties under color of law and office for enrichment not entitled; and

2]      THAT, on or about August 16, 2005 Affiant filed case No. D.C. Civil 2005/118 in the U.S. District Court for the Virgin Islands, St. Croix Division, U.S. Virgin Islands. See **EX A**, res ipsa loquitur (the thing speaks for its self), and is attached hereto and incorporated herein by reference in its entirety (without exhibits); and

3]      THAT, BOP and former Warden Clark received their copies of the above civil case attached to a federal tort claim sent to Department of Justice May/June 2006; as she was named therein. Therefore, had full knowledge of

-4-

Affiant's unlawful custody; and

4]      THAT, in August/September 2006 former Warden Clark and BOP did further acknowledge Affiant's unlawful custody when they identified the above tort claim by item numbers, in the U.S. District Court case No. C 03-00464 under a Settlement for industrial good-time (which is now in breach of contract). See **EX B**, and which is attached hereto and incorporated herein by reference in its entirety; and

5]      THAT, again in October 2006 Affiant advised BOP and former Warden Clark by inhouse mail of her void judgments and unlawful custody, and of additional liabilities under tort. See **EX C**, attached hereto and incorporated herein by reference in its entirety; and

6]      THAT, as shown above Affiant has **completed** her remedies in this matter; and/thing further would be futile. See McCarthy v. Madigan, 503 U.S. 140 (1992); and

7]      THAT, former Warden Clark; now Warden Copenhaver and BOP had/has delibert indifference to Affiant's erroneous confinement (see Wilson v. Seiter, 501 U.S. 294 (1991)), that which constitutes cruel and unusal punishment; as the infection of psychological/mental pain is as real and serious as physical pain (see Northington v. Jackson, 973 F.2d 1518 at 1524 (10th Cir. 1992); also, Parrish v. Johnson, 8 F.2d 600 at 605 (6th Cir. 1986)), a violation of Eighth Amendment of the Constitution for the United States. See Perkins v. Kansas Dept. of Corrections, 165 F.3d 803 (10th Cir. 1999). Due process has been denied Affiant as a result of their deliberate indifference. See Alexander v. Perrell, 916 F.2d 1392 (9th Cir. 1990; Sample v. Diecks, 885 F.2d 1099 at 1109-10 (3rd Cir. 1989); violation of Fifth Amendment of the Constitution for the United States; and

8]      THAT, the respondents in the above Virgin Islands civil action failed to respond and defend the case and further failed to request a time extendion

-5-

in which to answer. Thereby, agreeing to a writ of execution by default; a nihel decit judgment; and the tort claim did issue; and

9]      THAT, failure to rebut an affidavit in a timely manner means assent to the affidavit; that which constitutes as operation of law tacit admission of all facts stated; therefore all statements and claims shall be deemed stare decisis; the parties may not argue, controvert, or otherwise protest the finding entered by this Court, or any court, as an unrebutted affidavit stands as fact and truth in law; and in this case becomes a nihil decit judgment; and

10]      THAT, the court's records in the above Virgin Islands case will show that the respondents by tacit admission did knowingly, willfully and intentionaly with intent to defraud for their own enrichment not entitled, did mislead, intimidate, coerce, misdirect and hinder Affiant without any evidence that a crime had been committed from July 1986 through present. Violating statutes, laws, codes treaties and the Fourth, Fifth, Sixth, Eighth, Tenth, Thirteen and Fourteenth Amendments to the Constitution for the United States; that which did void Affiant's judgment and commitments from the beginning; and

11]      THAT, numerous attempts have been made to settle and close, but the government/respondents involved refused to provide remedy, thereby, causing Affiant great stress with fear of well being and liberty. 'Ubi jus ibi remeduim' - there is no wrong without a remedy and 'lex semper dabit remedium' - whenever the law gives anything it gives a remedy for the same, the law does not supply for impossibilities. Therefore, Affiant herein comes to this Court for her remedy; and

**Remedy/Relief Requested**

12]      THAT, Affiant has been and is being deprived of her due process which protects her liberty under the Constitution and federal statutes. See Hewitt v. Helms, 459 U.S. 460 (1983); Meachum v. Famo, 427 U.S. 215 (1976); and

**WHEREFORE,** Affiant herein is asking this Honorable Court for her **Remedy,**

-6-

an Order releasing her from unlawful imprisonment under void judgments; as there has been, is denials of important constitutional and statutory rights by the federal government as seen herein. See <u>Johnson v. Avery</u>, 393 U.S. 483 (1969); and

**Rebuttal**

If Respondents herein fail to defend/rebut/respond by opposing affidavit point-for-point, duly sworn under penalty of perjury, with unlimited commercial liability, the lack of response means assent to this affidavit and all claims and statements shall be admitted as the truth of the matter. Thereby, Respondents may not argue, controvert, or otherwise protest the administrative findings entered herein or in any subsequent administrative or judicial proceedings; an unrebutted affidavit becomes a nihil decit judgment by operation of law; and

Affiant states and believes that no controversy exists and all facts have been accepted for value. U.C.C. § 3-303; and

**Conclusion**

That this Petition for violation of the Constitution, statutes, codes, laws and treaties is signed and sworn to under penalty of perjury pursuant to 28 U.S.C.S. §1746(2) by Astarte Davis-Rice at Dublin, California on this _15th_, day of January 2008.

Respectfully submitted,

CERTIFICATE OF SERVICE

The undersigned, pursuant to 28 U.S.C.S. § 1746(2) upon her oath under penalty of perjury, does hereby state and certify that she has put into the U.S. Mail at Dublin, California a copy of her **Petition** as shown above to the following party(s); dated: _1/15/08_:

Kevin V. Rayan, U.S. Attorney
**Owen P Martikan,** assistant U.S. Attorney
**Office of U.S. Attorney**
450 Golden Gate Ave, Box 36055
San Francisco, CA 94102-3495

-7-

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, California 94568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE VIRGIN ISLANDS

ASTARTE DAVIS-RICE,

    Petitioner,

vs.

UNITED STATES OF AMERICA, and,

GOVERNMENT OF THE VIRGIN ISLANDS,

    Respondents.

**MOTION TO VACATE VOID JUDGMENTS PURSUANT TO TITLE 28 RULE 60(b)4/ INDEPENDENT ACTION**

COMES NOW, Astarte Davis-Rice, Petitioner, asking this Honorable Court to vacate her void judgments with prejudice, in criminal case Numbers 88-403, 88-132, 88-133, 91-00030 and 02-40212, as ordered by the United States District Court for the District of the Virgin Islands, United States District Court for the Northern District of California-Oakland District, and United States District Court for the Southern District of Texas.

A motion to vacate void judgments under Federal Rules of Civil Procedure (F.R.Civil P.), Rule 60(b)4, may be brought up at any time, in any court. When the court is faced with void judgments, it has no discretion, and judgments must be vacated whenever the lack of jurisdiction comes to light (see Mitchell v. Kitsay County, 59 Wn.App. 177 at 180, 797 P.2d 516 (1990)), and this court is compelled to provide appropriate relief/remedy under auspices of Rule 60(b)4, where judgment is void, nunc pro tunc. Motion under subd. (b) of Rule 60 providing for relief from judgments is in effect an independent action or proceeding. See Shay v. Agricultural Stabilization and Conservation State Committed for Ariz., 299 F.2d 516 (9th Cir. 1962).

An independent action/Rule 60(b)4 for relief from void judgments is available to prevent a grave miscarriage of justice. See United States v. Beggerly, 118 S.Ct. 1862, 524 U.S. 38, 141 L.Ed.2d 32, on remand 148 F.3d 1179 (9th Cir. 1998).

Petitioner has herein challenged jurisdiction in the Virgin Islands, Texas (Rule 20, case No. 88-403, Virgin Islands District Court), and California (case No. 02-40212), and now it must be substantially proven and clearly shown on the record. See Main v. Thiboutot, 448 U.S. 1, 65 L.Ed.2d 555, 100 S.Ct. 2502 (1980); 5 U.S.C. § 556(d).

Petitioner is requesting her remedy/relief to be the granting of her Motion; for her immediate release from prison; discharge of all obligations; return of all real and personal property, and to be made whole, returned to her original status; and any other relief the Court deems appropriate.

Remedy means rights with or without tribunal, Uniform Commercial Code (hereinafter U.C.C.) § 1-201.34; and remedies are to be liberally administered U.C.C. § 1-106.1.

Provision of F.R.Civil P. Rule 60(b)4 allowing for relief from judgment on grounds that judgment is void is not subject to any time limitation. See Gschwind v. Cessna Aircraft Co., 232 F.3d 1342 (10th Cir. 2000), certiori denied, 121 S.Ct. 2520, 533 U.S. 915, 150 L.Ed.2d 693. When rule providing for relief from judgment is applicable, relief is not discretionary matter, but is mandatory. See Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994).

On motion to vacate void judgments in the interest of justice, the court is required to resolve any doubts in favor of petitioner, and with the incessant command of court's conscience, that justice be done in light of all the facts. See Compton v. Alton Steamship Co., 608 F.2d 96 (4th Cir. 1979).

Please find attached, Petitioner's AFFIDAVIT in support of the above named Motion, for violations of her guaranteed, secured constitutional rights, under the Fourth, Fifth, and Sixth Amendments, laws, statutes, rules and codes.

Also, find attached, Petitioner's PUBLIC NOTICE AND SURETY BOND (Asservation), and EXHIBITS (excepted for value).

The remedy/relief proposed by Affidavit and unchallenged becomes a remedy/relief in fact, discharging all Petitioner's alleged, assumed and presumed liabilities U.C.C. § 3-601.3.

Petitioner has shown exceptional circumstances in her Affidavit for this Court to provide relief. See Brest v. Philadlphia Transportation Co., D.C.Pa. 1959, 24 F.R.D. 47; also, Hoffman v. Celebrezze, CA.Mo. 1969, 405 F.2d 833.

"Indeed, no more than affidavit(s) is necessary to make the prima facie case." See United States v. Kis, 658 F.2d 526,536 (7th Cir. 1981), cert. denied, 5 U.S.L.W. 2169, S.Ct. March 22, 1981.

Petitioner is unschooled in law, therefore, asks this Honorable Court to read her documents with leniency.

Dated this _28th_, day of _April_, 2005.

Respectfully submitted,

Astarte Davis-Rice, Petitioner

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, California  94568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE VIRGIN ISLANDS

ASTARTE DAVIS-RICE,

        Petitioner,

vs.

UNITED STATES OF AMERICA, and,

GOVERNMENT OF THE VIRGIN ISLANDS,

        Respondents.

**AFFIDAVIT** IN SUPPORT OF MOTION
TO VACATE VOID JUDGMENTS PURSUANT
TO TITLE 28 RULE 60(b)4
INDEPENDENT ACTION

State of California  )
                ) ss.  Affidavit of Astarte Davis-Rice
County of Alameda   )

### AFFIDAVIT

    I, Astarte Davis-Rice, Petitioner/Aggrieved Party, U.C.C. § 1-201(2),
hereinafter known as Affiant, of age to contract and competent to witness, make
this voluntary statement in the form of Affidavit pursuant to the First
Amendment of the Constitution for the United States (1787); having first-hand
knowledge of the facts, and/or as Affiant understands the facts according to a
declared source of information, contained below, declare and affirm the following
is true, correct, complete, certain, and not misleading to the best of Affiant's
personal knowledge and belief; and,

    "Indeed, no more than affidavit(s) is necessary to make the prima facie
case." See United States v. Kis, 658 F.2d 526,536 (7th Cir. 1981), cert. denied,
5 U.S.L.W. 2169, S.Ct. March 22, 1982; and,

## Jurisdiction

This Court has jurisdiction pursuant to a motion to discharge Affiant's void judgments. "A void judgment, that is one entered by a court which lacks jurisdiction over parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court." See Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir. 1999); People ex rel. Brzica v. Village of Lake Barrington, 268 Ill.App.3d 420, 205 Ill.Dec. 850, 644 N.E.2d 66,69-70 (1994); and once you challenge jurisdiction, the court has the burden of proof pursuant to 5 U.S.C. § 566(d); and,

Further, when jurisdiction is challenged, it must be substantially proven and the law requires proof of jurisdiction to appear on the record of the administrative and the judiciary agencies. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 80 L.Ed. 1135, 56 S.Ct. 780 (1936). Jurisdiction may never be assumed, but must be clearly shown. See Hagen v. Lavine, 425 U.S. 528, 39 L.Ed.2d 577, 94 S.Ct. 1327 (1974); Maine v. Thiboutot, 448 U.S. 1, 65 L.Ed.2d 555, 100 S.Ct. 2502 (1980); and that no sanction can be imposed absent proof of jurisdiction. See Burks v. Laskar, 441 U.S. 471, 60 L.Ed.2d 404, 99 S.Ct. 1831 (1979); 5 U.S.C. § 556 and § 558(b); and,

Affiant makes reservation of all Rights under Common Law and the Uniform Commercial Code § 1-308; and that she has never, at any time knowingly, willingly, voluntarily or intentionally surrendered or waived any of her unalienable rights guaranteed by the Constitution for the United States; and cannot be bound by any contract or commercial agreement that she did not enter knowingly, voluntarily and intentionally U.C.C. § 1-207 and § 1-103.6; and,

## Facts

All federal courts, including the Supreme Court, are courts of limited jurisdiction. So-called common law jurisdiction over contracts, historically recognized common crimes, etc., is reserved to courts of the several States within their respective territorial borders. The Tenth Amendment imposes this limitation; and,

The Tenth Amendment: The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people; and,

Thus, if a power is not enumerated in the Constitution, primarily in

Article I § 8, federal government lacks subject matter jurisdiction within the Union; and,

## SEPARATION OF POWERS DOCTRINE

Specified at Article I § 8, clause 18, 'arising under clause,' at Article III § 2.1 'due process of law.' See United States v. Menk, 260 F.Supp. 784 (1966) articulates the point; and,

### Research in support of requirements

"It is immediately apparent that this section alone does not define the offense as the defendant contends. But, rather, all three of the sections referred to in the indictment - Sections 4461, 4901, and 7203, must be considered together before a complete definition of the offense is found. Section 4461 imposes a tax on persons engaging in a certain activity; Section 4901 provides that payment of the tax shall be condition precedent to engaging in the activity subject to the tax; and Section 7203 makes it a misdemeanor to engage in the activity without having first paid the tax, and provides the penalty. It is impossible to determine the meaning or intended effect of any one of these sections without reference to the other;" and,

Thus, failing to meet 'threshold criteria' for burden of proof in the indictment set before you at this time, with the effect being that the federal court lacks subject matter jurisdiction; and,

Without a pre-existing liability to perform or refrain from any given activity, a federal penalty statute does not apply. If an agency isn't vested by law, it lacks standing to bring complaint, so the court lacks subject matter jurisdiction, as required under relative revenue laws; and,

### Additional elements of proof

In Foley Brothers v. Filardo, 336 U.S. 281, 93 L.Ed. 680, 89 S.Ct. 575 (1949), we find that "it is a well established principle of law that all federal legislation applies only within the territorial jurisdiction of the United States unless contrary intent appears;" and,

Congress has two distinct characters: Where States of the Union are concerned, Congress may legislate only within the framework of constitutionally enumerated powers, but where territory belonging to the United States is concerned, Congress operates with the combined authority of state and national governments much on the order of European governments, and may do whatever the Constitution does not expressly or implicitly prohibit; and,

Page 3 of 31

It may be that Congress exercises a general power enumerated in Article I § 8 of the Constitution, but application is limited to the geographical United States, i.e., territory belonging to the United States. This, then, is another element of burden of proof, i.e., proof of subject matter jurisdiction. The advocate, in this case, the Attorney General or United States Attorney, must prove the venue or geographical application of any given statute; and,

Just because the Constitution enumerates powers United States Government may exercise doesn't mean the power has to be exercised. For example, prior to the Civil War, Congress exercised power to impose direct taxes only twice, and until after the Civil War, if then, Congress did not vest federal courts, including the Supreme Court, with all available jurisdictional powers enumerated in Article III § 2 of the constitution; and,

The Fourth, Fifth, and Sixth Amendments secure our mandatory minimum requirements of due process; and,

Our concern is whether or not the Federal Rules of Criminal Procedure preserve this constitutionally secured right. We find they do. Although in this case they were not afforded. Re: Rule 3 through 9 of the F.R.Crim.P. Thus without these Rules the ensuing verdict, judgment and/or sentence (false and illegal imprisonment) as such this is 'void' and should be vacated, set aside; and,

There are two keys in Rule 60(b). First, Rule 60(b)4, where the 'judgment is void,' opens the door to vacating a judgment at any time, and second, the void judgment may be attacked 'by motion as prescribed in these rules or by an independent action;' and,

Subsequently, a United States Supreme Court decision, decided April 26, 1995, addresses the issues of exclusive legislative jurisdiction of the Congress, the powers of the federal government, and the subsequent subject matter of a federal district court. Supreme Court Justice Thomas, in the concurring majority opinion in United States v. Lopez, 514 U.S. 549, 131 L.Ed.2d 626, 115 S.Ct. 1624 (1995), states very clearly:

"Indeed, on this critical point, the majority and Justice Bryer [writing the dissenting opinion] agree in principle: the Federal Government has nothing approaching police power." Justice Thomas continued by discussing 'a regulation of police' wherein he stated:

"United States v. Dewitt, 76 U.S. 41, 9 Wall 4, 19 L.Ed. 593 (1870), marked the first time the court struck down as exceeding the power conveyed by the commerce clause. In a 2-page opinion, the court invalidated a nationwide law prohibiting all sales of naphtha and illuminating oils. In so doing, the court

remarked that the commerce clause has always been understood as limited by its terms; and as a virtual denial of any power to interfere with the internal trade and business of the separate states;" and,

Further support for this understanding is readily available from the courts:

"Special provision is made in the Constitution for the cession of jurisdiction from the states over places where the federal government shall establish forts, magazines, arsenals, docks, other needful buildings, or other military works. And it is only in these places, or in territories of the United States, where it can exercise a general jurisdiction." See New Orleans v. United States, 35 U.S. 662, 9 L.Ed. 573 (1836); and,

Since all legislation is prima facie territorial, there is a canon of legislative construction which teaches Congress that, unless a contrary intent appears, legislation is meant to apply only within a territorial jurisdiction of the United States. See American Banana Co. v. United Fruit Co., 213 U.S. 347 at 357-358, 53 L.Ed. 826, 29 S.Ct. 511 (1909); United States v. Spelar, 338 U.S. 217 at 222, 94 L.Ed. 3, 70 S.Ct. 10 (1949); and,

While the states are separate sovereigns with respect to the federal government (see Heath v. Alabama, 474 U.S. 82, 88 L.Ed.2d 387, 106 S.Ct. 433 (1985)), no sanction can be imposed absent proof of jurisdiction. See Standard v. Olesen, 98 L.Ed. 1151, 74 S.Ct. 768 (1954); and,

"Federal jurisdiction cannot be assumed, but must be clearly shown." See Brooks v. Yawkey, 200 F.2d 633. "Jurisdiction, once challenged, cannot be assumed and must be decided." See Maine v. Thibouiot, 448 U.S. 1, 65 L.Ed.2d 555, 100 S.Ct. 250 (1980). "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." See Stuck v. Medical Examiners, 94 Ca.2d 751, 211 P.2d 389; and,

Other cases such as McNutt v. G.M., 298 U.S. 178, 80 L.Ed. 1135, 56 S.Ct. 780 (1936); Griffin v. Mathews, 310 F.Supp. 341, 423 F.2d 272 (4th Cir. 1970); Basso v. U.P.L., 495 F.2d 906 (10th Cir. 1974); Thomson v. Gaskiel, 315 U.S. 442, 86 L.Ed. 951, 62 S.Ct. 673 (1942); and Albrecht v. United States, 273 U.S. 1, 71 L.Ed.305, 47 S.Ct. S.Ct. 250 (1927); also confirms that, when challenged, jurisdiction must be documented, shown, and proven, to lawfully exist before a cause may lawfully proceed in the courts; and,

Title 18 U.S.C. § 7 specifies that the 'territorial jurisdiction' of the United States extends only outside the boundaries of lands belonging to any of the fifty states, and Title 40 U.S.C. § 255 specifies the legal conditions that must be fulfilled for the United States government to have exclusive or shared jurisdiction within the area of lands belonging to the States of the Union; and,

Facts of fundamental denial of rights; violating due process, Fourth, Fifth, and Sixth Amendments. As this Court has the authority to promulgate rules of procedure 28 U.S.C. § 2072 and § 2072(b) preserved rights; and,

Following are violations that warrant judgments to be set aside

Affiant states and believes to the best of her knowledge that Respondent(s) named and un-named, known and un-known cannot provide certified documentary evidence to the contrary:

1] THAT, the Texas, California and the Virgin Islands' indictments/informations must allege: 1] every element of the offense charged (see Evans v. United States, 153 U.S. 584, 38 L.Ed.830, 14 S.Ct. 934 (1894)); Hamling v. United States, 418 U.S. 87, 41 L.Ed.2d 590, 94 S.Ct. 2887, reh.dem. 419 U.S. 885, 42 L.Ed.2d 129, 95 S.Ct. 157 (1974)); 2] the circumstances under which the alleged crime was committed (see United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1876)); 3] the indictments/information are defective for failing to specify the details of a key element of the crime (see United States v. Santa-Manzano, 842 F.2d 1 (1988, CAl Puerto Rico)); 4] intent, where it is a material ingredient of the crime involved and must be shown (see Evans v. United States, 153 U.S. 584, 38 L.Ed. 830, 14 S.Ct. 934 (1894)); see also, 9 Fed. Proc., L.Ed. § 22:794; all of the above were not shown in Affiant's indictments/informations for each charge. Violation of U.S.C.A. Const. Amend. 5; lost of subject matter jurisdiction; and,

2] THAT, the elements of the offense, are generally sufficient that the indictments/informations would set forth the offense in the words of the statute itself, as long as those words by themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished (see Hamling v. United States, 418 U.S. 87, 41 L.Ed.2d 590, 94 S.Ct. 2887, reh. den. 419 U.S. 885, 42 L.Ed.2d 129, 95 S.Ct. 157 (1974)); all elements were not stated as necessary to constitute a violation of the statute charged (see Rudin v. United States, 254 F.2d 45, cert. den. 357 U.S. 930, 2 L.Ed.2d 1371, 78 S.Ct. 1374 (1958 CA6 Mich); Glenn v. United States, 303 F.2d 536 (1962 CA5 Fla.)); F.R.Cr.P. 7(c) and U.S.C.A. Const. Amend. 5; and,

3] THAT, failure of indictment/information to charge essential elements of offense is critical omission which should be noted by appellate court and district court sua sponte as plain error requiring dismissal, despite citation of underlying statute. See United States v. Brown, 995 F.2d 1493 (10th Cir. 1993), cert. den. (U.S.) 62 U.S.L.W. 3288; F.R.Cr.P. 7(c); U.S.C.A. Const. Amend. 5; and,

4] THAT, quotation of statutory language in the indictments/information was insufficient as the statute involved contains general or generic terms and fails to set forth with certainty all essential elements necessary to constitute the offense, and in such case the indictments/informations must allege particulars and charge every constituent ingredient of which the crime is composed; they did not. See 5th Circuit-United States v. Diecidue, 603 F.2d 535, 4 Fed.Rules.Evid.Serv. 1294, cert. den. 455 U.S. 946, 63 L.Ed.2d 781, 100 S.Ct. 1345, cert. den. 446 U.S. 912, 64 L.Ed.2d 266, 100 S.Ct. 1842 (1979, CA5 Fla.); United States v. Moody, 923 F.2d 341, CCH Bank L.Rptr. ¶ 73810, 32 Fed.Rules Evid.Ser. 368, reh.en.banc.den. (CA5 Tex.) 929 F.2d 699 and cert. den. (U.S.0 116 L.Ed.2d 54, 112 S.Ct. 80

(1991 CA5 Tex.). Violation of U.S.C.A. Const. Amend. 5 and F.R.Cim.P 7; 18 U.S.C.A. § 471; and,

5]     THAT, the dismissal of thirty eight items from the indictments/information make the remaining counts insufficient as to all essential elements necessary to constitute the offense. Violation of F.R.Cim.P. 7. See Parker v. United States, 252 F.2d 680, cert. den. 356 U.S. 964, 2 L.Ed.2d 1071, 78 S.Ct. 1003 (1958, CA6 Tenn.); United States v. Weiner, 578 F.2d 757, cert. den. 439 U.S. 1135, 59 L.Ed.2d 98, 99 S.Ct. 1060 (1978, CA9 Cal.); and,

6]     THAT, although the language of the statute may be used in the general description of the offense, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense coming under the general description with which the accused is charged; there was no certified statement of facts attached. See Russell v. United States, 369 U.S. 749, 8 L.Ed.2d 240, 82 S.Ct. 1038 (1962). Violation of U.S.C.A. Const. Amend. 5 and F.R.Cim.P 7; and

7]     THAT, if an essential element of the charge has been omitted from the indictments/informations, the omission is not cured by the bare citation of the charging statute. If an essential element is omitted from the indictments/informations, then the Affiant's Fifth Amendment right to be tried on charges found by a grand jury has been violated. F.R.Cim.P 7; and,

8]     THAT, the mandate of inclusion of all elements . . . derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present. See United States v. Hooker, 841 F.2d 1225,1230 (4th Cir. 1988). See also, Sterone v. United States, 361 U.S. 212,217, 80 S.Ct. 270,273, 4 L.Ed.2d 252 (1960). A federal court cannot permit a defendant to be tried on charges that are not made in the indictments/informations against her without all the alleged elements, and after indictments/informations has been returned its charges may not be broadened except by the grand jury itself. Further, and of paramount importance a sufficient indictment/information is required to implement the Fifth Amendment guaranty and make clear the charges so as to limit a defendant's jeopardy to offenses charged, . . . and to avoid his conviction on facts not found, or perhaps not even presented to the grand jury that indicted him. United States v. Radetsky, 535 F.2d 556,562, cert. den. 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976), overruled in part on other grounds by United States v. Daily, 921 F.2d 994,1004 and n. 11 (1990); see Russell v. United States, 369 U.S. 749,770, 82 S.Ct. 1038,1050, 8 L.Ed.2d 240 (1962). Affiant was unaware of what her charges were under any indictment/information, the only document she believes she saw was the plea agreement containing some statutes and codes. Violation of U.S.C.A. Const. Amend. 5; and,

9]     THAT, failure of the indictments/informations to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal, despite citation of the underlying statute in the indictments/informations. See United States v. Crockett, 812 F.2d 626,629 and n. 3 (10th Cir. 1987); United States v. Broncheau, 597 F.2d 1260,1262 and n. 1 (9th Cir.) cert. den. 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1970); violation of due process and F.R.Cim.P. 7(c); loss of subject matter jurisdiction; and,

10]    THAT, the court must read each count of the indictments/informations

Page 7 of 31

independently of all other counts, each count must allege all the essential elements, as it is impossible to determine the meaning or intended effect of any one crime (statute) without reference to all the elements of that count. See United States v. Gironda, 758 F.2d 1201 (7th Cir. 1985) cert. den. 474 U.S. 1104, 106 S.Ct. 523, 88 L.Ed.2d 456 (1986); the court did not, thereby, the court lacked subject matter jurisdiction under law to prosecute Affiant; and,

11]   THAT, if Affiant had acquired actual notice of nature of her offense prior to trial it would not cure insufficiency of indictments/informations which failed to contain any part of the elements of offense. See United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988). Violation of U.S.C.A. Const. Aments. 5 and 6; and,

12]   THAT, it is not sufficient that the indictments/informations shall charge the offense in the same generic terms as in the definition of the criminal statute; but it must state the species – it must descent to particulars. See United States v. Cruikshank, 92 U.S. 542,558, 23 L.Ed. 588,593 (1876). An indictment/information not framed to apprise the defendent with reasonable certainty, of the nature of the accusation against her . . . is defective, although it may follow the language of the statute/code. See United States v. Simmons, 96 U.S. 360,362, 24 L.Ed. 819,820 (1876). In an indictment/information upon a statute/code, it is not sufficient to set forth the offense in the words of the statue/code, unless those words of themselves fully, directly, and expressly, without any uncertainly or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See United States v. Carll, 105 U.S. 611,612, 26 L.Ed.1135 (1882). Undoubtedly the language of the statute/code may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which she is charged. See United States v. Hess, 124 U.S. 483,487, 31 L.Ed. 516, 518, 8 S.Ct. 571 (1888). See also, Pettibone v. United States, 148 U.S. 197,202–204, 37 L.Ed. 419,422,423, 13 S.Ct. 542 (1893); Blitz v. United States, 153 U.S. 308,315, 38 L.Ed. 725,727, 14 S.Ct. 924 (1894); Keck v. United States, 172 U.S. 434,437, 43 L.Ed. 505,507, 19 S.Ct. 254 (1899); Morissette v. United States, 342 U.S. 246,270 n. 30, 96 L.Ed. 288,304, 72 S.Ct. 240. Cf. (1952); United States v. Petrillo, 332 U.S. 1,10,11, 91 L.Ed. 1877,1884,1885, 67 S.Ct. 1538 (1947); F.R.Crim.P. 7(c)

13]   THAT, Government of the Virgin Islands v. Joseph (765 F.2d 394 (1985)) states: An accused in a criminal case has the right . . . to be informed of the nature and cause of the accusation against him. U.S. Const. Amend. 6; Virgin Islands Bill of rights 48 U.S.C. § 1561 (1982). A variance between the indictments/informations and the sentencing violates this fundamental right, and a sentence founded upon a crime not charged must be set aside. See Government of the Virgin Islands v. Aquino, 378 F.2d at 554 (3rd Cir. 1967). Affiant has never seen the indictments/informations in her cases; and,

14]   THAT, Affiant was never presented a certified document from the Virgin Islands of a federal criminal complaint with attached affidavit made under oath as required by the Fourth Amendment of the Constitution and Rule 3 of the Federal Rules of Criminal Procedure; thereby, lack of subject matter jurisdiction, violation of U.S.C.A. Const. Ament. 5; and

15]   THAT, Affiant was never presented a certified document from Texas of a

federal criminal complaint with attached affidavit made under oath as required by the Fourth Amendment of the Constitution and Rule 3 of the F.R.Crim.P.; thereby lack of subject matter jurisdiction; violation of U.S.C.A. Const. Ament. 5; and,

16] THAT, Affiant was never presented a certified document from California of a federal criminal complaint with attached affidavit made under oath as required by the Fourth Amendment of the Constitution and Rule 3 of the F.R.Crim.P; thereby lack of subject matter jurisdiction; violation of U.S.C.A. Const. Ament. 5; and,

17] THAT, Affiant was never informed she was being investigated by grand jury in the Virgin Islands, Texas or California; and,

18] THAT, there was lack of Virgin Islands, Texas and California federal original complaint and original probable cause as determined by a committing magistrate to take case to the grand jury; and,

19] THAT, Affiant lacked the knowledge of grant jury hearing held in Texas, Virgin Islands and California. Affiant had the right to challenge any grand jury before being formally seated. She was denied this right, thereby, all are disqualified. This process is secured by her Fifth Amendment rights and 28 U.S.C. § 2072(b); loss of subject matter jurisdiction; and,

20] THAT, Affiant was never presented with a Virgin Islands, Texas or California federal Indictment/Information with a sworn affidavit attached. Violation of U.S.C.A. Const. Amend. 5; and,

21] THAT, Affiant was never presented with the GOVERNMENT OF THE VIRGIN ISLANDS Information/indictment with sworn affidavit. Violation of U.S.C.A. Const. Amend. 5; and,

22] Affiant must show either direct evidence of actual vindictiveness, or facts that warrant an appearance of such. See United States v. Edmonds, 103 F.3d 822,826 (9th Cir. 1996). She has shown herein evidence of a prima facie case of vindictive prosecution; and,

23] THAT, the federal government of the Virgin Islands did not have jurisdiction to take the Texas grand jury indictment from Texas to try Affiant in the United States District Court for the District of Virgin Islands, as the Texas indictment was void from the beginning nunc pro tunc. Violation of U.S.C.A. Const. Amend. 5; and,

24] THAT, federal and state governments are corporations and can interact only with other artificial persons (corporations) of which Affiant is not; and,

25] THAT, Virgin Islands, Texas and California convened special grand jury, however, the law says 'special grand jury' investigation authority extends only to criminal activity involving government personnel and does not have indictment authority - thereby, void indictments; and,

26] THAT, Astarte Davis-Rice (Affiant) is a real living, breathing, flesh-and-blood, natural person; Astarte Rice and Astarte Davis, and any and all derivations(s), and variations(s) whatsoever, written in proper

English in upper and lower case, she is not a Corporation; and,

27]   THAT, ASTARTE DAVIS-RICE, ASTARTE RICE and ASTARTE DAVIS, and any and all derivation(s) and variation(s) whatsoever, written in all capital letters, know as the STRAWMAN (ENS LEGES) is a corporation and is the party the federal and state/territory charged in the above case numbers; and,

28]   THAT, the federal and state/territory did un-constitutionally put the wrong party in prison; and,

29]   THAT, Affiant was deprived of due process when she entered her plea of guilty before the Magistrate Judge in the California case No. 02-40212; the judge did refuse to take her guily plea and entered a plea of not guilty in her behalf on the record. The judge did usurped power vested in Article III judges; whereby, UNITED STATES OF AMERICA loss subject matter jurisdiction; and,

30]   THAT, Affiant has a constitutional right to a constitutional indictments/ informations which puts her on notice of the case the prosecution will present at trial. See Kotteakos v. United States, 328 U.S. 750, 90 L.Ed. 1557, 66 S.Ct. 1239 (1946); United States v. Peel, 837 F.2d 975,976-77 (11th Cir. 1988); Ex Parte Washington, 448 SO.2d 404,408 (Ala. 1984); and,

31]   THAT, under the Jury Selection and Service Act of 1968, there was failure, to comply with the provisions of the Act, the federal indictment issued by Texas, California and Virgin Islands are in violation of 28 U.S.C.A. § 1867(d); thereby, indictments are void from the beginning, nunc pro tunc (see Simmons v. Atlantic Coast Line R. Co., 235 F.Supp. 325,330, and State v. Hatley, 72 N.M. 377,384 P.2d 252,254); and,

32]   THAT, the Virgin Islands (federal) did take to the Texas grand jury their case, the grand jury may consider and investigate any alleged crime within its jurisdiction (see Weinheimer v. United States, (1960) 109 App.D.C. 24, 283 F.2d 510, cert. den. 364 U.S. 932, 5 L.Ed.2d 366, 81 S.Ct. 381); but the grand jury of one district has no authority to inquire into offenses committed in another federal district (see United States v. Smyth (1952, DC Cal 104 F.Supp. 283). Violation of U.S.C.A. Const. Amend. 5 and F.R.Crim.P; and,

33]   THAT, Affiant has been deprived of life, liberty and property without due process of law; and,

34]   THAT, void judgments is not encumbrance of time limitation where the court lacks subject matter and personal jurisdiction and has deprived Affiant of substantive due process rights; and,

35]   THAT, 4 V.I.C. § 33, entertain an appeal from a sentence imposed upon a guilty plea which raises a colorable violation of an constitutional or federal statutory rights. See Chick v. Government of the Virgin Islands, 941 F.Supp. 49,50-51 (D.V.I. 1996); Karpouzis v. Government of the Virgin Islands, 41 V.I. 179, 182, 58, F.Supp. 2d 635,637-38 (D.V.I. 1999); Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a; Section 23A(a) of the Revised Organic Act, provides that, the Virgin Islands legislature may not preclude the review of any judgment or order which involves the Constitution, Treaties, or laws of the United States. . . . 48 U.S.C. § 1613a(a); and,

36]   THAT, the Fifth Amendment of the Constitution is made applicable to the Virgin Islands by Revised Organic Act § 3, 48 U.S.C. § 1561; and,

37]   THAT, there was criminal conspiracy among administrative, judicial officers, Virgin Islands Police Department and private parties, which deprived Affiant of her constitutional rights; and,

38]   THAT, the JUDGE in his conspiracy did knowingly, willfully, intentionly, violated Affiant's due process in fair sentencing under Virgin Islands' code. Under Virgin Islands law, restitution could not be ordered following Affiant's conviction, where court did not sentence her to straight probation or to no more than six months imprisonment followed by period of probation. See 5 V.I.C. § 3711(a) and § 3721. The court sentenced Affiant to 10-years prison, 5-years probation and restitution, in violation of her due process/constitution rights in case No. 88-132. See Marcham v. Government of the Virgin Islands, 151 F.Supp.2d (2001) and Karpouzis v. Government of the Virgin Islands; 58 F.Supp.2d 635 (1999); and,

39]   THAT, the JUDGE was in violation of his duties: 1) no lawful oath of office, equals no lawful court judgments 2) willful misconduct when he intentionally failed to properly sign his title of judicial office on Affiant's judgments, thereby, judgments are null and void, ad initio 3) Affiant did not receive her judgments with the corresponding Findings of Fact and Conclusions of law – without the Findings of Fact and Conclusions of Law no charge can be made against Affiant 4) judgments must be supported by an affidavit swearing to her liability in order for the judge to have authority to sign them, thereby judgments are void in law; and,

40]   THAT, the court must verify what the judgements/warrants/degrees (also agreements between Government of the Virgin Islands and federal government), is based on to determine if the judgments are valid or invalid. That means, the accuser, government was/could be alleging a charge/claim that could not possibly exist, because a diversity exam of the real fact of 'no charge' because there being no assessment as pursuant to 28 U.S.C. § 1359, as there can be no charge in the judgment without a civil assessment made for the purpose of prosecuting a Tort Claim by Order to Show Cause – why a Tort Claim should not issue to purge the libel; and,

41]   THAT, when Affiant seeking to obtain the judgment and corresponding Finding of Facts and Conclusion of Law, whether she obtain the certified copies, or evidence of their non-existence, both of those conclusions are cause to request immediate release, because both reasons show there are no charges to charge a detainer; and,

42]   THAT, the Finding of Fact and Conclusion of Law must be in the judicial and adminstrative file (certified) signed by the judge to verify what Affiant was to plea to. If the Finding of Fact and Conclusion of Law are not verified then there is nothing for the accused (Affiant) to plea to. The accused must know what she is asked to plea to. Affiant never saw the certified/verified Finding of Fact and Conclusion of Law in her case. Violation of U.S.C.A. Const. Ament. 5; and,

43]   THAT, there was lack of full disclosure, Affiant is entitled to full disclosure of all facts in her case, anything less would not be full disclosure under the law, a violation of due process; and,

44]   THAT, Respondent(s) pursuant to U.C.C. § 3-305.52, should have produce all documents 'held in due course' that created any legal disability, as shown in this Affidavit, they did not, a violation of due process; and,

45]     THAT, the GOVERNMENT OF THE VIRGIN ISLANDS and UNITED STATES OF AMERICA-
        Virgin Islands and Texas took 'one' conspiracy and subdivided it between
        themselves coming up with multiple violations. Violation of the Double
        Jeopardy Clause U.S.C.A. Const. Amend. 5, see United States v. Aguilera,
        179 F.3d 604 (8th Cir. 1999); United States v Stoddard, 111 F.3d 1450
        (9th Cir. 1997); North Carolina v Pearce, 395 U.S. 711, 23 L.Ed.2d 656,
        89 S.Ct. 2072 (1969); and,

46]     THAT, Affiant has a right to conflict-free representation as derived from
        Sixth Amendment as applied to states by due process clause of the
        Fourteenth amendment. See Garcia v. Bunnell, 33 F.3d 1193 (9th Cir. (1994);
        and,

47]     THAT, the UNITED STATES OF AMERICA - Texas, California and Virgin Islands
        is in violation of the Constitution as it only authorized 2-federal crimes
        (criminal 1) treason, and 2) counterfeiting; all other crimes are matters
        of state jurisdiction, Affiant is not guilty of either one of the above
        crimes, see Judgments; and,

48]     THAT, it was prosecution of Affiant for trying to protect her own assets
        after her husband (James Rice) left the island, she was unaware of any
        wrong doing, it was wholly passive conduct on her part, to prosecute her
        was in violation of due process. U.S.C.A. Const. Amends. 5 and 14. See
        United States v. Layne, 43 F.3d 127 (5th Cir. 1995); also, Lamber v.
        California, 355 U.S. 225, 2 L.Ed.2d 228, 78 S.Ct. 240 (1957). Affiant did
        not have a guilty mind (mens rea) and/or criminal intent (actus reus) in
        her actions; and,

49]     THAT, Affiant must be afforded due process before deprivation of life
        liberty or property, she was never afforded due process in her case(s).
        See Armstrong v. Monzo, 380 U.S. 545,552, 14 L.Ed.2d 62, 85 S.Ct. 1187
        (1965); Mattew v. Eldridge, 424 U.S. 319,333, 47 L.Ed.2d 18, 96 S.Ct.
        892 (1976); Anthony v. Interform Corp. 96 F.3d 692 (3rd Cir. 1996); and,

50]     THAT, the Fourth Amendment prohibits general warrants authorizing officials
        to rummage through person's possessions looking for any evidence of crime.
        Violation of U.S.C.A. Const. Ament. 4. It was the federal government and
        GOVERNMENT OF THE VIRGIN ISLANDS' agenda, was looking for evidence of an
        alleged capital crime; and,

51]     THAT, the UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS
        lacked probable cause to issue warrants for search and seizure - no
        probable cause hearing - violation of Rule 4 of F.R.Cim.P. Affiant never
        saw and/or was given a warrant with the affidavit attached and/or an
        inventory of seized items. Violation of U.S.C.A. Const. Amend. 4; and,

52]     THAT, Respondent(s) named and un-named, known and un-known; that the
        PROSECUTOR, the PUBLIC DEFENDER, the JUDGE, the PRIVATE PARTY, the PRIVATE
        ATTORNEYS, the PRIVATE INVESTIGATOR, and the VIRGIN ISLANDS POLICE
        DETECTIVES, worked in concert knowingly and willfully with intent, in a
        chain conspiracy, each and all with there own agendas, in a scheme to
        defraud (see Durland v. United States, 161 U.S. 306, 40 L.Ed. 709, 16
        S.Ct. 508 (1896)) Affiant of her own real and personal property. In their
        conspiracy, under color of law, with abuse of process, vindictive
        prosecution with special malice did violate Affiant's guaranteed
        constitutional rights, Fourth, Fifth and Sixth Amendments of the Constitution

further violating Virgin Islands code, federal statute and law; while pursuing unjust punishment and forfeiture of Affinat's own real and personal property for there own gain. 'There is no more cruel tyranny than that which is exercised under cover of law, and with colors of justice.' See United States v. Jannettie, 673 F.2d 578,614 (3rd Cir. 1981); and,

53]     THAT, Respondent(s) named and un-named, known and un-known, knew or should have known with their superior knowledge of law, under color of law and office, abuse of process, vindictive prosecution with special malice, and in fraudulent leges willfully and knowingly in a conspiracy, lacking in jurisdiction did violate guaranteed constitutional rights of Affiant. The loss of her constitutional rights, even for a short period of time has constitutes irreparable injury. See Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328,338 (5th Cir. 1981), Thereby, depriving Affiant of her life, liberty and property. See United States v. Deters, 143 F.2d 577 (1988); and,

54]     THAT, the PUBLIC DEFENDER did with reckless disregard for Affiant's best interests, and with legal negligence, when he did not file a motion to dismiss due to criminal conspiracy and vindictive prosecution with un-constitutional presentations (see Blackledge v. Perry, 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098 (1974)) of prejudicial exparte information concerning an alledged capital crime, not part of the case before the court (see Osborn v. Schillinger, 639 F.Supp. 610 at 617 (1986)) from the beginning he did abandon his duty of loyalty to his client and did effectively join the conspiracy; and,

55]     THAT, the PROSECUTOR and/or JUDGE failed to advise Affiant of the assessment/voucher (civil) to charge a claim (criminal), they are now practicing law without a license when they accused/alleged an assessment without providing Affiant with the pay-voucher to accept the offer charged: therefore, there was no acceptance of the assessment and charges by Affiant, because the PROSECUTOR and/or the JUDGE failed to provide the voucher/check which was knowingly withheld from Affiant, by which they brought their fraudulent charges. Affiant is entitled to full disclosure of all facts in her case, anything less would not be full disclosure under the law as all crimes are commercial crimes (a tax assessment C.F.R. Part 72.11). The following actions took place in violation of Affiant's due process rights for full disclosure:

   a)    the JUDGE and the PROSECUTOR in the courtroom made a commercial presentment under U.C.C. § 3-501(1); and,

   b)    the presentment for acceptance is necessary to charge the drawer and endorsers of a draft where the draft so provides; and,

   c)    the presentment for payment is necessary to charge any endorsers; and,

   d)    in the case of any drawer, the acceptor of a draft payable at a bank, presentment for payment is sentiment discharge such drawer, acceptor or maker only as stated in U.C.C. § 3-502(1)(B); and,

   e)    if Affiant does not accept the charge or presentment she is in dishonor for non-acceptance under U.C.C. § 3-505 and § 3-501(2) (a)(b); and,

   f)    acceptance is the drawer's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his/

Page 13 of 31

her signature alone; and,

g)    it becames operative when completed by delivery or notification
      U.C.C. § 3-410; and,

h)    the overview is that Affiant's case is an open escrow, and because
      the PROSECUTOR responsible for saying the damages, has completely
      failed to pay out the escrow to close the excrow/case there are no
      charges because there must be a civil assessment (a tax assessment)
      from a civil court with Original Jurisdiction to provide the charge
      for the escrow agent (PROSECUTOR) to charge the detainer. The civil
      case must be agreement of the opposing parties before the evidence
      is admissible to charge the claim. There must be settlement for a
      closure and for that to occur, the principal, plaintiff must issue
      and Order to Show Cause why a Tort Claim; which
      means that the delinquent attorney (PROSECUTOR)/JUDGE, etc. who
      failed to settle have agreed that the Tort Claim issue to prosecute
      them for libel, or, they do settle so that the Tort Claim does not
      issue. This would issue from a diversity in a district court
      pursuant to 28 U.S.C. § 1361; see evidence Rule 501 and the
      advisory notes of committee therewith; and,

i)    28 U.S.C. § 1359, is basically where the PROSECUTOR assume the
      charges - but because of the fact there is no Original Jurisdiction
      there can be no charge to detain Affiant; and,

j)    28 U.S.C. § 1361, is where all the causes mentioned above are put
      into Exhibit and the parties served 'Order to Show Cause' why the
      Tort Claim should not issue to seize and liquidate the claims of
      creditors/claimants. This is where Affiant's attorney identified
      her as the Debtor-in-Possession, reserving the right to reject any
      and all bids in the seizure and liquidation process of Tort Claim.
      There was no disclosure of these procedures concerning her case to
      Affiant, a violation of due process; and,

k)    Affiant is also the principal or asset holder on the private side
      of the accounting ledger, she is also holding the exemption
      necessary to discharge the debt; and that is just the beginning
      of the courts using contract law pursuant to the U.C.C.; and,

l)    pursuant to U.C.C. § 3-505.4 if there had been full disclosure,
      Affiant would have required:    1] exhibits of the instrument that
      created her liability; 2] reasonable identification of the person
      making presentment and evidence of his authority to make it, if
      made for another; 3] that the instrument be producted for acceptance
      or payment at a place specified in it, or if there be none, at any
      place reasonable in the circumstances; 4] a signed receipt of the
      instrument for any partial or full payment and its surrender on
      full payment. That failure to comply with any such requirement
      invalidates the presentment (voids it), and without disclosure to
      Affiant her causes are void from the beginning nunc pro tunc.
      Affiant was not given remedy or recourse, therefore, discharge of
      all or any presumed liabilities. U.C.C. § 3-601.3; and,

56]   THAT, the Uniform Commercial Code (U.C.C.) is the foundation of all

commerce and COURTS, the United States government is doing business as a CORPORATION, as the UNITED STATES OF AMERICA is a CORPORATION, doing business entirely in the equity of commerce and exclusively with commercial paper, and that CONTRACT LAW is supreme to statute/code notwithstanding the federal Truth-in-Lending Act, 15 U.S.C. § 1601, Reg. Z; and,

57]   THAT, the Respondent(s) had/has the duty to inform Affiant of her rights (remedies), and terms of all agreements. U.C.C. § 3-305.2(c); and,

58]   THAT, the United States is bankrupt, so they cannot bond their claims, due to the 'Clean Hands Doctrine;' and,

59]   THAT, the courts are operating in bankruptcy and their failure/refusal to issue the assessment of the charge(s) filed in the Commercial Registry, is conclusive evidence that no charge(s) existed in Affiant's case, therefore, Affiant is being held unlawfully; and,

60]   THAT, all crimes are commerical crimes (27 C.F.R. Part 72.11) and all criminal charges are taxes, with no injured party. U.C.C. § 3-601.3; and,

61]   THAT, Law Merchant is a body of law governing commercial transactions which had its origin in Common Law. U.C.C. § 1-103; and,

62]   THAT, in 1938 the Supreme Court ruled all federal cases would be judged under negotiable instrument law, and there would be no more decisions based on the Common Law at the federal level, thus making all courts since 1938 Merchant Law courts; and,

63]   THAT, Affiant is not liable for any contracts unless she has willfully, knowingly and intentionally sign it. U.C.C. § 3-401.1; and,

64]   THAT, Affiant has the right to be told who the Principal(s) are. U.C.C. § 3-403.42. And what interest UNITED STATES OF AMERICA and the GOVERNMENT OF THE VIRGIN ISLANDS has in her; and,

65]   THAT, the Virgin Islands' Bill of Rights (48 U.S.C. § 1561) states in part:

a)   THAT, 'no law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein equal protection of the law;' and,

THAT, as an American citizen born in California; you will find in Affiant's Affidavit she has been deprived of life, liberty and property without due process of law, and has been further deprived of equal protection of the law in her Virgin Islands' case, under Virgin Islands' code; and,

b)   THAT, ' in all criminal prosecutions the accused shall ... be informed of the nature and cause of the accusation, to have a copy thereof . . . .' See Government of the Virgin Islands v. Joseph, 765 F.2d 394 (1985); U.S.C.A. Const. Amend. 6; Revised Organic Act of Virgin Islands § 3; 48 U.S.C.A. §1561; and,

THAT, Affiant was not informed in her criminal prosecution of the nature and cause of the accusation in her Virgin Islands' case, she never saw or was given a copy of the information so she would

know what she was accused of; and, no one may be required at peril of life, liberty or property to speculate as to the meaning of a penal statute; all are entitled to be informed as to what the statute commands or forbids. See Lanzetta v. New Jersey, 306 U.S. 451,453, 59 S.Ct. 618, 83 L.Ed. 888,890 (1939); and,

c)    THAT, 'no person shall be held to answer for a criminal offense without due process of law . . . .' U.S.C.A. Const. Amend. 6; and,

THAT, there was lack of due process in Affiant's Virgin Islands' criminal case, as her Affidavit shows; and,

d)    THAT, 'the right to be secure against unreasonable searches and seizures shall not be violated.' U.S.C.A. Const. Amend. 4; and,

THAT, there were three unreasonable search and seizures at Affiant's homes. The Fourth Amendment also prohibits unreasonable searches and seizures. See Harris v. United States, 331 U.S. 145,150, 67 S.Ct. 1098,1101, 91 L.Ed. 1399 (1947). The general rule is that 'warrantless' searches are presumptively unreasonable. See Horton v. California, 496 U.S. 128,133, 110 S.Ct. 2301, 2306, 110 L.Ed.2d 112 (1990); and,

e)    THAT, 'no . . . search shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and . . . things to be seized.' U.S.C.A. Const. Amend. 4; and,

THAT, Affiant was not given copies of the search warrants with sworn affidavits attached, nor was she given an inventory of items seized; and the items to this day have never been returned; and

f)    THAT, ' . . . to support the Constitution and Laws of the United States . . . ; and that the provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands . . . shall have the same force and effect as in the United States or in any State of the United States;' and,

THAT, in the causes before this Court, the United States Constitution and Laws were violated as shown in Affiant's Affidavit, in the District Court of the Virgin Islands, as the court's jurisdiction runs concurrent with the Territorial Courts; therefore, the laws for both governments should be upheld; and,

g)    THAT, the above Bill of Rights goes on to say: The District Court of the Virgin Island is not a federal court, rather, it is a territorial court which has been appointed by Congress with the jurisdiction of a United States District Court (See United States v. McIntosh, 229 F.Supp.2d 431 (2000), and has concurrent jurisdiction with the Territorial Court of the Virgin Islands; however, the district court must uphold the United States Constitution and the Virgin Islands' Bill of Rights, etc. The Bill of Rights further states: Affiant may be criminally prosecuted by indictment 'or' an information, it does not matter how much prison time is involved. This is inconsistent with the 5th Amendment of the United States Constitution; as any crime punishable by over one year in prison, requires an indictment. The district court and the territorial court under the law are required to uphold the United States Constitution and United States Laws. Affiant as an American citizen and a sovereign of California, is entitled to the rights she was born with, rights secured by the Constitution of the United States and its laws; and,

66]    THAT, under federal law which is applicable to all states, and territories, the United States Supreme Court stated, that if a court is 'without authority' its judgments and orders are regarded as nullities. They are not voidable, but simply void. See Elliot v. Pieriol, 1 Pet. 328,340, 26 U.S. 328,340 (1828); and,

67]    THAT, the United States Supreme Court has stated that, 'no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it.' See Cooper v. Aaron, 538 U.S. 1, 78 S.Ct. 1401 (1958). Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the Supreme Law of the Land. If a judge does not fully comply with the Constitution then his orders are void. In re Sawyer, 124 U.S. 200 (1888), he is without jurisdiction. As shown in this Affidavit concerning the executive and judicial officers for the Virgin Islands. Whenever a judge acts where he does not have jurisdiction to act, the judge is engaged in an illegal act. See United States v. Will, 499 U.S. 200,216, 101 S.Ct. 471, 66 L.Ed.2d 392,406 (1980); Cohens v. Virginia, 19 U.S.(6 Wheat) 264,404, 5 L.Ed. 257 (1821); and,

68]    THAT, 48 U.S.C. 872(b)(1), states, the Virgin Islands Constitution shall - recognize, and be consistent with the sovereignty of the United States over the Virgin Islands . . . , and the supremacy of the provisions of the Constitution, treaties, and laws of the United States . . . . The district court is in violation of this statute; and,

69]    THAT, the PROSECUTOR with the JUDGE'S agreement/acceptance and the PUBLIC DEFENDER'S knowledge/agreement in their conspiracy did introduce unconstitutional exparte information at Affiant's sentencing which did breach the plea agreement and contaminate the entire case; and the above conspiractors did knowingly subject Affiant to vindictive prosecution; and the PROSECUTOR did act in concert with the PRIVATE PARTY, the PRIVATE ATTORNEYS and the PRIVATE INVESTIGATOR to put Affiant in prison out of the way for their own financial gain of which they were not entitled; and,

70]    THAT, the Respondents in the conspiracy with PRIVATE PARTY, PRIVATE ATTORNEYS and PRIVATE INVESTIGATOR with fraudulent behavior and false presumptions (U.C.C. § 1-103) did knowingly go forward in the case without personal or subject matter jurisdiction; and the voluntariness of Affiant's change of plea and the acceptance of plea agreement was overborne by the totality of all the surrounding circumstances, thereby, not voluntary (violation of U.S.C.A. Const. Amend. 14), and in the conspiracy, the change of plea was for further illegal financial gain through a civil case. From 1986 through 1996 the Respondent(s) et al., in their conspiracy did systematically in their official and private capacity knowingly, willingly, recklessly with force and with intent to defraud, mislead, intimidate, coerce, misdirect and hinder, working in concert, under color of law and office, did extort real and personal property, they took unauthorized control from Affiant, which was not due them for profit, gain and enrichment for themselves; and,

71]    THAT, the Respondent(s) working in concert with the PRIVATE PARTIES,

within the conspiracy used an ongoing fraudulent scheme to make fictitious statements, representations and writings of an alleged capital crime and did instigate unreasonable search and seizures looking for evidence of a capital crime, without probable cause; no warrants with affidavits or inventories of items taken were even given to Affiant in violation of U.S.C.A. Const. Ament. 4; and the PROSECUTOR in concert with VIRGIN ISLANDS POLICE DETECTIVES within their conspiracy, did issue fraudulent warrants for the Rice's car, and for the sport fishing boat called Fish Eagle; and,

72]    THAT, in their conspiracy the PROSECUTOR and the PRIVATE PARTIES did file a fraudulent claim on Affiant's Texas bank account through the Office of the Attorney General, Houston, Texas; and,

73]    THAT, the PROSECUTOR, the PUBLIC DEFENDER and the JUDGE, in concert within the conspiracy did completely ignore Affiant's rights under the three-page hand written signed document by James Rice, her husband, and their California recorded agreement of many years giving Affiant entitlement; and,

74]    THAT, the PROSECUTOR, PRIVATE PARTY, PRIVATE ATTORNEYS, PUBLIC DEFENDER, PRIVATE INVESTIGATOR, and the VIRGIN ISLANDS POLICE DETECTIVES in their conspiracy in fraud, did create and/or contrive the injured party in Affiant's case (see Ernst and Ernst v. Hochfelder, 425 U.S. 185, 47 L.Ed.2d 668, 96 S.Ct. 1375 (1976)). Without an injured party they had no case; they did record a fraudulent death certificate and coroner's report, they did not have true and real evidence that Affiant's husband, James Rice, was dead; and as of this date there is no proof that he is even dead; and,

75]    THAT, the PRIVATE PARTY with her PRIVATE ATTORNEYS went on to file a civil action in California based Affiant's change of plea, and to file a probate action based on the fraudulent death certificate, also in California; and,

76]    THAT, the JUDGE, PROSECUTOR, PRIVATE PARTY, PUBLIC DEFENDER, and the VIRGIN ISLANDS POLICE DETECTIVES in their conspiracy, did denominated intrinsic and/or extrinsic evidence into Affiant's case by an adverse party. See Rozier v. Ford Motor Co., C.A.Ga. (1978), 573 F.2d 1332; Atchison T. & S.F. Co. v. Barrett, C.A.Cal. (1957), 246 F.2d 846. Violation of due process; and,

77]    THAT, it is the 'law of the land' that no man's life, liberty, or property be forfeited as a punishment until there has been a charge fairly made and also fairly tried. See Chambers v. Florida, 309 U.S. 227,236,237, 60 S.Ct. 427,477, 84 L.Ed.716 (1940). Affiant's case was so infected by their conspiracy that it resulted in a fundamental miscarriage of justice. See United States v. Kovic, 830 F.2d 680 (7th Cir. 1987); and,

78]    THAT, Respondent(s) had a duty to inform Affiant of her rights (remedies/relief), and any pending responsibilities in the above case numbers, and to further inform her of all the terms of all contracts/agreements U.C.C. § 3-305.2(c); and,

79]    THAT, violations have been committed against Affiant's rights by Respondent(s), that there was not/is not a lawful bona fide contract between Respondent(s) and Affiant, with a bona fide signatures of all parties, with full disclosure; without a contract, there is no case, see Erie Railroad v. Thompkins, 304 U.S. 64, 82 L.Ed. 1188, 58 S.Ct. 817 (1938); and,

80]     THAT, presumption of adhesion, hidden and invisible contracts were used
        to establish jurisdiction and establish facts used against Affiant in a
        court of Equity/Admiralty; and that Affiant cannot be bound to these
        presumed adhesion contracts; and that un-conscionable contracts are void.
        U.C.C. § 2-302.1; and,

81]     THAT, Respondent(s) cannot provide a bona fide contract between Affiant
        and Respondent(s) to surrender or waive any rights. U.C.C. § 1-207 and
        § 1-308(a); therefore, Affiant invokes the Merger Doctrine, that all
        contracts entered into today overrule contracts entered into yesterday,
        rendering all invisible contracts and adhesion contracts, forced or
        compelled benefits moot, for want or failure of consideration, nunc pro
        tunc. U.C.C. § 3-306(c); and,

82]     THAT, all contracts must be entered into knowingly, willingly, voluntarily
        and intentionally to be enforceable in any jurisdiction. U.C.C. § 1-207
        and § 1-103.6; and that any agreement in colorable law can be revoked,
        U.C.C. § 3-608; and,

83]     THAT, the Uniform Commercial Code (U.C.C.) is pre-judicial and non-judicial;
        and,

84]     THAT, the Fourth, Fifth and Sixth Amendments are carved in stone, and they
        are cumulative, they are not independent or elective unless someone
        knowingly chooses to forfeit one of the specific rights. If one of the
        constitutionally secured rights is bypassed, administrative office,
        including the Department of Justice and the United States Attorney, and
        courts of the United States, lack or lose subject matter jurisdiction.
        This is the essence of the Fifth Amendment guarantee that no person shall
        be deprived of life, liberty, or property with 'due process of law. As shown
        Affiant's due process rights have been violated; and,

85]     THAT, all judges and/or magistrate judges in the Virgin Islands, Texas
        and California, involved in the above case numbers are not bonded as
        required; and the bond and the sureties thereof have not been approved
        by the proper board; without approval, they cannot lawfully discharge duties
        from the bench; it is further required to be recorded. A bond is for the
        purpose of binding them to their oath of office to lawfully discharge their
        duties from the bench. Without the judges being bonded the court lacks
        jurisdiction over Affiant in all cases; thereby, lack of subject matter
        and lack of inherent power to enter judgments that took away her life,
        liberty and property; therefore all judgments are void in law and
        judgments; and,

86]     THAT, the federal prosecutors for Texas, California and the Virgin Islands
        for the above case numbers are not bonded as required, and the bond, and
        the sureties thereof have not been approved by the proper board; without
        approval they cannot lawfully discharge their duties, the bond is further
        required to be recorded; the bond is for the purpose of binding them to
        their oath of office to lawfully discharge their duties as Assistant United
        States Attorney and/or United States Attorney and/or United States Attorney
        General. Without the bond they lack jurisdiction over Affiant to prosecute
        her in any of the above case numbers that took away her life, liberty and
        property; thereby, all charges are dismissed; and,

87]     THAT, under the following case Nos.:
                a)     88-133 by information - federal old law sentence - 2-years

```
b)    88-132 - by information - Virgin Islands sentence - 10-years
c)    91-30  - by indictment  - federal Guidelines     - 21-months
d)    88-403 - by indictment  - Texas old law sentence - 15-months
e)    02-40212 - by indictment - California Guidelines  - 24-months
```
The filing of information in the Virgin Islands is full equivalent of
presentment of indictment by grand jury, just as it is in United States
District Courts. F.R.Crim.P. 7, 18 U.S.C.A.; see People v. Jackson, 1 V.I.
149,151, (1928); Rivera v. Government of the Virgin Islands, 375 F.2d 988
(1967). Therefore, the information in the above Virgin Islands case
should be scrutinized under indictment rules; and,

88]    Affiant was not given a copy or the opportunity to review the Virgin
Islands information with attached affidavit in the above case, pursuant
to the Virgin Islands Bill of Rights. A violation of her rights of due
process with lack of full disclosure to apprise Affiant of the specific
acts of which she was accused and allegedly liable, and to prepare for
trial; and signed by the Government of the Virgin Islands' attorney, and,

89]    THAT, an offense must be prosecuted by federal indictment with attached
affidavit in a federal case, if the offense is punishable by imprisonment
for a term exceeding 1-year. F.R.Crim.P. 7(a); and,

90]    THAT, the Virgin Islands' federal government did cause the setting of a
Texas grand jury and did participate and did call witnesses for the sole
or dominant purpose of gathering evidence for use in a pending Virgin
Islands prosecution (see United States v. Pack, 150 F.Supp. 262, 57-2
YSTC ¶ 9744 (1957); United States v. Kovalseki, 406 F.Supp. 267 (1976)),
thereby, the Texas grand jury engaged in an arbitrary fishing expedition
with the Virgin Islands (see United States v. R. Enterprises, Inc., 498
U.S. 292, 112 L.Ed.2d 795, 111 S.Ct. 722 (1991)). Violation of Cont. Amend.
5; and,

91]    THAT, the Virgin Islands federal government used the Texas grand jury for
the primary purpose of helping the prosecution prepare the Virgin Islands'
case for trial (see Re. Grand Jury Proceedings (1987, CA1 Puerto Rico)
814 F.2d 61; United States v. Vanwort, 887 F.2d 375 (1989 CA2 NY), cert.
den. other grounds, 495 U.S. 906, 109 L.Ed.2d 290, 110 S.Ct. 1927, cert.
den. other grounds, 495 U.S. 910, 109 L.Ed.2d 299, 110 S.Ct. 1936); and,

92]    THAT, the Virgin Islands federal government used the court's subpoena
power for it's own investigative process (see United States v. Elliott,
849 F.2d 554 (1988, CA11 Ga). Violation of 26 F.R.Evid.Ser. 829); and,

93]    THAT, the array of grand jurors in the Texas, California and the Virgin
Islands were not selected, drawn, or summoned in accordance with law.
Violations of construction and application of provisions of Jury
Selection and Service Act of 1968 (28 U.S.C.A. §§ 1861-1867); governing
plans for, and manner of, selecting federal grand and petit jurors.
Violations of 17 ALR Fed. 590; and F.R.Crim.P. 6; and,

94]    THAT, due to an illegally constituted grand juries and/or petit juries,
Affiant was severely prejudice by mis-prison, she suffered injury of
loss of life, liberty and property (see Chafin v. United States 5 F.2d
592, cert.den. 269 U.S. 552, 70 L.Ed. 407, 46 S.Ct. 18 (1925, CA4 W.
Va.)), thereby, a dismissal is in order under F.R.Crim.P. 6(b)(2) (see
Re Fendler 597 F.2d 1314 (1979, CA9 Ariz.)); and,

95]    THAT, Affiant had the right to challenge the array of grand jurors and/or

petit jurors or an individual grand/petit juror, as she had been held to answer in the district court. Violation of F.R.Crim.P. 6(b)(1). Affiant was not given this opportunity. Violation of U.S.C.A. Const. Amend. 5; and,

96] THAT, there must be a minimum showing by affidavit in every case that each item sought is relevant to an investigation, properly within the grand/petit jury's jurisdiction; in Texas this was not the case as the Virgin Islands federal PROSECUTOR had taken his Virgin Islands case and his witnesses to the Texas grand jury jurisdiction; his actions were primarily for another purpose. Violation of Const. Amend. 5; and,

97] THAT, Affiant has a constitutional right to be informed of nature and the cause of the accusation against her. Affiant never saw the Texas indictment with attached affidavit. There can be no conviction or punishment for a crime without a formal and sufficient accusation (see Spence v. Dowd, 145 F.2d 451 (1944 CA7 Ind.). Violation of F.R.Crim.P. 7:5 - 7:12 and U.S.C.A. Const. Amend. 6; and,

98] THAT, pursuant to U.S.C.A. Title 48 under Chapter 7, Virgin Islands Law § 1406f. Judicial process; title of criminal prosecutions, which states: "All judicial process shall run in the name of 'United States of America, scilicet, the President of the United States,' and all penal or criminal prosecutions in the local courts shall be conducted in the name of and by authority of 'The People of the Virgin Islands of the United States.'" June 22, 1936 C. 699, § 37, 49 Stat. 1817, and still in effect. Affiant's No. 88-132 was charged under Government of the Virgin Islands. Violation of U.S.C.A. Const. Amend. 5; and,

99] THAT, the indictment/information did not provide notice of any forfeiture/restitution with a bill of particulars forth coming by government. Violation of F.R.Crim. P 7(c)(2). See United States v. Amend, 791 F.2d 1120, cert.den. 479 U.S. 930, 93 L.Ed.2d 353, 107 S.Ct. 399 (1986 CA4 S.C.); United States v. Rupley, 706 F.Supp. 751 (1989, DC Nev.), all real and personal property was taken as punishment for the criminal offense. See United States v. Brigance, 472 F.Supp. 1177 (1979, SD Tex.); and,

100] THAT, the Government of the Virgin Islands' information was not signed by the attorney with his title, for the Virgin Islands' government. Violation of F.R.Crim.P. 7(c)(1). Therefore no valid information, no criminal proceeding may be brought, as the district court had no jurisdiction to prosecute. Violation of U.S.C.A. Const. Amend. 5; and,

101] THAT, Affiant by not receiving a true and real constitutional indictments/information from the Government of the Virgin Islands, Texas, California and Virgin Islands federal government with attached affidavit she did not have full disclosure of the facts of her cases, therefore, she lacked the information to make valid decision concerning her life, liberty and property. Violation of U.S.C.A. Const. Amend. 5; and,

102] THAT, pursuant to 5 U.S.C. § 556(d), § 557, and § 706, once due process is denied all jurisdiction ceases. See Owens v. City of Independence, 100 S.Ct. 1398; Maine v. Thiboutot, 100 S.Ct. 2502; Hafer v. Melo, 501 U.S. 21; and,

103] THAT, where there is absence of jurisdiction, all admintrative and judicial proceeding are a nullity and confer no rights, offer no

justification. See Thompson v. Tolmie, 27 U.S. 157, 7 L.Ed. 381 (1829); Griffeth v. Frazier, 12 U.S. 9, 3 L.Ed. 471 (1814); 5 U.S.C. § 558(b); and,

104]  THAT, the Ninth Circuit noted: 'We need not find that the prosecutor acted in bad faith, the core of the appearance of vindictiveness, rather than vindictiveness in fact, which controls. The logic behind the rule is fully explored in Blackledge v. Perry (417 U.S. at 27 (1974)), and United States v. Ruesga-Martinez (534 F.2d 1367 (9th Cir. 1976)). More recently the logic behind the rule is fully explored in the very important case of United States v. DeMarco, 550 F.2d 1224 (9th Cir.) cert. den., 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 85 (1977), where the court noted that 'apprehension of vindictiveness' and 'appearance of vindictiveness' are adequate to bring a case within Blackledge.' Affiant as shown in her Affidavit vindictive prosecution, due process requires that a defendant be free of apprehension of motivation on the part of the Respondent(s) and PRIVATE PARTIES. See North Carolina v. Pearce, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969). Violation of Const. Ament. 5; and,

Affiant, Astarte Davis-Rice, has attached her 'ASSERVATION,' (impending) Notice of Surety Act and Bond, U.C.C. Contract Trust Account Number 7004 2510 0001 2736 1818, registered with the California Secretary of State, U.C.C. Department, and the Secretary of the Treasury, does hereby Accept for Value, and Bond, all personal and public obligations, debts, contracts, signatures, instruments, Orders and Judgments, fines, restitution, assessment, criminal forfeiture, interest accrued and/or accruing, in pocket or out of pocket, known and unknown, with unlimited commercial liability, and request that you affect settlement and closure, bring the account(s) to zero, and furnish Astarte Davis-Rice a certified copy with a line signature on it in the bona fide name of the person signing it, over the printed name and title, within the 72-hour period required by Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., implemented by Regulation Z of the Act of the Federal Reserve Board, 12 C.F.R. Part 226, sent vis certified mail to her at her Dublin FCI address; and,

THEREFORE, Affiant would ask of this Court, to establish the required exclusive federal jurisdiction that has been merely assumed in this matter, consisting of:

1.  Documentation showing ownership of each and every geographical location mentioned in the instrument entitled 'Indictment/ Information' wherein the alleged criminal activity occurred; and,

2.  Documentation from the legislature of the state of Texas, California and the Territory of the Virgin Islands surrendering jurisdiction to the federal government of the same geographical location mentioned in the instrument entitled 'Indictment/Information' wherein the alleged criminal activity occurred; and,

3.  Documentation pursuant to 40 U.S.C. § 255, wherein the UNITED STATES OF AMERICA accepted jurisdiction to the same geographical locations

mentioned in the instrument entitled 'Indictment/Information' or documentation showing concurrent jurisdiction with the States of Texas, California and the Virgin Islands to the aforesaid geographical locations; and,

These issues that have been raised at this time before this Honorable Court, that fall to the prescribed remedy as court record, cases as follows, court/statutes; and,

## LAW ON VOID JUDGMENTS

1.  Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties, Wahl v. Round Valley Bank 38 Ariz. 411, 300 P. 955 (1931); Tube City Mining & Milling Co. v. Otterson, 16 Ariz. 305, 146 P. 203 (1914); and Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940); and,

2.  A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999); and,

3.  A void judgment is one which, from its inception, was a complete nullity and without legal effect, Lubben v. Selevtive Service System Local Bd. No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972); and,

4.  A void judgment is one which from the beginning was complete nullity and without any legal effect, Hobbs v. United States Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980); and,

5.  Void judgment is one that, from its inception, is complete nullity and without legal effect, Holstein v. City of Chicago, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill. 1992); and,

6.  Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, U.S.C.A. Const. Amend. 5 - Triad Energy Corp. v. McNell, 110 F.D.R. 382 (S.D.N.Y. 1986); and,

7.  Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S. C.A. Const. Amend. 5 - Klugh v. United States, 620 F.Supp. 892 (D.S.C. 1985); and,

8.   A void judgment is one which, from its inception, was, a complete nullity, and without legal effect, Rubin v. Johns, 109 F.R.D. 174 (D. Virgin Islands 1985); and,

9.   A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforecment in any manner or to any degree - Loyal v. Director, Dept. of Public Safety, 480 So.2d 577 (Ala. Civ. App. 1985); and,

10.   A judgment shown by evidence to be invalid for want of jurisdiction is a void judgment or at all events has all attributes of a void judgment, City of Los Angeles v. Morgan, 234 P.2d 319 (Cal. App. 2 Dist. 1951); and,

11.   Void judgment which is subject to collateral attack, is simulated judgment devoid of any potency because of jurisdictional defects, Ward v. Terriere, 386 P.2d 352 (Colo. 1963); and,

12.   A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it and defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or relief to be granted, Davidson Chevrolet, Inc. v. City and County of Denver, 330 P.2d 1116, certiorari denied, 79 S.Ct. 609, 359 U.S. 926, 3 L.Ed.2d 629 (Colo. 1958); and,

13.   Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved and such a judgment may be attacked at any time, either directly or collaterally, People v. Wade, 506 N.W.2d 954 (Ill. 1987); and,

14.   Void judgment may be defined as one in which rendering court lacked subject matter jurisdiction, lacked personal jurisdiction or acted in manner inconsistent with due process of law, Eckel v. MacNeal, 628 N.E.2d 741 (Ill. App. Dist. 1993); and,

15.   Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved; such judgment may be attacked at any time, either directly or collaterally, People v. Sales, 551 N.E.2d 1359 (Ill. App. 2 Dist. 1990); and,

16.   Res judicata consequences will not be applied to a void judgment which is one which, from its inception, is a complete nullity and without legal effect, Allcock v. Allcock, 437 N.E.2d 392 (Ill. App. 2 Dist. 1982); and,

17. Void judgment is one which, from its inception is complete nullity and without legal effect, In re Marriage of Parks, 630 N.E.2d 509 (Ill. App. 5 Dist. 1994); and,

18. Void judgment is one entered by court that lacks the inherent power to make or enter the particular order involved, and it may be attacked at any time, either directly or collaterally; such a judgment would be a nullity, People v. Rolland, 581 N.E.2d 907 (Ill. App. 4 Dist. 1991); and,

19. Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment, U.S.C.A. Const. Amend. 5; Hays v. Louisiana Dock Co., 452 N.E.2d 1383 (Ill. App. 5 Dist. 1983); and,

20. A void judgment has no effect whatsoever and is incapable of confirmation or ratification, Lucas v. Estate of Stavos, 609 N.E.2d 1114, rehearing denied, and transfer denied (Ind. App. 1 Dist. 1993); and,

21. Void judgment is one that from its inception is a complete nullity and without legal effect, Stidham v. Whelchel, 698 N.E.2d 1152 (Ind. 1998); and,

22. Relief from void judgment is available when trial court lacked either personal or subject matter jurisdiction, Dusenberry v. Dusenberry, 625 N.E.2d 458 (Ind. App. 1 Dist. 1993); and,

23. Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14, Matter of Marriage of Hampshire, 869 P.2d 58 (Kan. 1997); and,

24. Judgment is void if court that rendered it lacked personal or subject matter jurisdiction; void judgment is nullity and may be vacated at any time, Matter of Marriage of Welliver, 869 P.2d 653 (Kan. 1994); and,

25. A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process, In re Estate of Wells, 983 P.2d 279 (Kan. App. 1999); and,

26. Void judgment is one rendered in absence of jurisdiction over subject matter or parties, 310 N.W.2d 502 (Minn. 1981); and,

27. A void judgment is one rendered in absence of jurisdiction over subject matter or parties, Lange v. Johnson, 204 N.W.2d 205 (Minn. 1973); and,

28. A void judgment is one which has merely semblance, without some essential element, as when court purporting to render is has no jurisdiction, Mills v. Richardson, 81 S.E.2d 409 (N.C. 1954); and

29. A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment, Henderson v. Henderson, 59 S.E.2d 227 (N.C. 1950); and,

30. Void judgment is one entered by court without jurisdiction to enter such judgment, State v. Blankenship, 675 N.E.2d 1303 (Ohio App. 9 Dist. 1996); and,

31. Void judgment, such as may be vacated at any time is one whose invalidity appears on face of judgment roll, Graff v. Kelly, 814 P.2d 489 (Okl. 1991); and,

32. A void judgment is one that is void on face of judgment roll, Capital Federal Savings Bank v. Bewley, 795 P.2d 1051 (Okl. 1990); and,

33. Where condition of bail bond was that defendant would appeal at present term of court, judgment forfeiting bond for defendant's bail to appear at subsequent term was a void judgment within rule that laches does not run against a void judgment, Com. v. Miller, 150 A.2d 585 (Pa. Super. 1959); and,

34. A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, State v. Richie, 20 S.W.3d 624 (Tenn. 2000); and,

35. Void judgment is one which shows upon face of record want of jurisdiction in court assuming to render judgment, and want of jurisdiction may be either of person, subject matter generally, particular question to be decided or relief assumed to be given, State ex rel. Dawson v. Bomar, 354 S.W.2d 763, certiorari denied (Tenn. 1962); and,

36. A void judgment is one which shows upon face of record a want of jurisdiction in court assuming to render the judgment, Underwood v. Brown, 244 S.W.2d 168 (Tenn. 1951); and,

37.  A void judgment is one which shows on face of record the want of jurisdiction in court assuming to render judgment, which want of jurisdiction may be either of the person, or of the subject matter generally, or of the particular question attempted to decided or relief assumed to be given, Richardson v. Mitchell, 237 S.W.2d 577 (Tenn. Ct. App. 1950); and,

38.  Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed, City of Lufkin v. McVicker, 510 S.W.2d 141 (Tex. Civ. App. - Beaumont 1973); and,

39.  A void judgment, insofar as it purports to be pronouncement of court, is an absolute nullity, Thompson v. Thompson, 238 S.W.2d 218 (Tex. Civ. App. - Waco 1951); and,

40.  A void judgment is one that has been procured by exprinsic or collateral fraud, or entered by court that did not have jurisdiction over subject matter or the parties, Rook v. Rook, 353 S.E.2d 756 (Va. 1987); and,

41.  A void judgment is a judgment, decree, or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, State ex rel. Turner v. Briggs, 971 P.2d 581 (Wash. App. Div. 1999); and,

42.  A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or where the order was procured by fraud, In re Adoption of E.L., 733 N.E.2d 846 (Ill. App. 1 Dist. 2000); and

43.  Void judgments are those rendered by court which lacked jurisdiction, either of subject matter or parties, Cockerham v. Zikratch, 619 P.2d 739 (Ariz. 1980); and,

44.  Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally, Irving v. Rodriquez, 169 N.E.2d 145 (Ill. App. 2 Dist.

1960); and,

45.  Invalidity need to appear on face of judgment alone that judgment or order
     may be said to be intrinsically void or void on its face, if lack of
     jurisdiction appears from the record, Crockett Oil Co. v. Effie, 374 S.W.2d
     154 (Mo. App. 1964); and,

46.  Decision is void on the face of the judgment roll when from four corners of
     that roll, it may be determined that at least one of three elements of
     jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over
     subject matter, or (3) jurisdictional power to pronounce particular
     judgment that was rendered, B & C Investments, Inc. v. F. & M Nat. Bank &
     Trust, 903 P.2s 339 (Okla. App. Div. 3 1993); and,

47.  Void order may be attacked, either directly or collaterally, at any time, In
     re Estate of Steinfield, 630 N.E.2d 801, certiorari denied, see also
     Steinfeld v. Hoddick, 513 U.S. 809 (Ill. 1994); and,

48.  Void order which is one entered by court which lacks jurisdiction over
     parties or subject matter, or lacks inherent power to enter judgment, or
     order procured by fraud, can be attacked at any time, in any court, either
     directly or collaterally, provided that party is properly before court, People
     ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill. App. 2 Dist.
     1994); and,

49.  While voidable orders are readily appealable and must be attacked directly,
     void order may be circumvented by collateral attack or remedied by mandamus,
     Sanchez v. Hester, 911 S.W.2d 173 (Tex. App. - Corpus Christi 1995); and

50.  Arizona courts give great weight to federal courts' interpretation of
     Federal Rule of Civil Procedure governing motion for relief from judgment
     in interpreting identical text of Arizona Rule of Civil Procedure, Estate of
     Page v. Litzenburg, 852 P.2d 128, review denied (Ariz. App. Div. 1, 1998);
     and,

51.  When rule providing for relief from void judgments is applicable, relief is
     not discretionary matter, but is mandatory, Orner v. Shalala, 30 F.3d 1307
     (Colo. 1994); and,

52.  Judgments entered where court lacked either subject matter or personal
     jurisdiction, or that were otherwise entered in violation of due process
     of law, must be set aside, Jaffe and Asher v. Van Brunt, S.D.N.Y. 1994,
     158 F.R.D. 278; and,

## REMEDIES/RELIEF SOUGHT

NOW, I, Astarte Davis-Rice, a natural person, comes before this Honorable Court requesting her constitutional rights be afforded to her in all aspects of procedure, as guaranteed by this Court, the Constitution of the United States, laws, statutes and codes; and,

The following is a knowingly justified remedy, with the remedies to be liberally administered. U.C.C. § 1-106(1); and,

Respondent(s) have an assessment of the civil charge(s), so the bond can be discharged, adjusting the bill(s), settling the note(s) and closing the above case number(s) in accordance with Public Policy HJR-192; Public Law 73-10; U.C.C. § 10-104; and,

Immediate release from custody; return of all real and personal property; discharge of all alleged obligation; to expunge all records of this entire case; thereby, returning Affiant to her original status, making her whole again; WITH PREJUDICE, 18 U.S.C.A. §3-162(a)(1); U.C.C. § 1-207, §1-103.6, § 10-104; HJR-192, Public Law 73-10; and,

The remedies proposed by Affiant unchallenged, does become a remedy in fact; therefore, all Affiant's alleged, assumed and presumed liability are discharged. U.C.C. § 3-601.3; and,

## CONCLUSION

Affiant states and avers that Respondent(s), named and un-named, known and un-known, wishing to rebut this Affidavit must respond point for point in writing, in the proper first person, using their lawful given name and surname, duly sworn under penalty of perjury, with unlimited commercial liability as discharge is required to avoid delictual fault. A lack of response on the part of each and all parties (Respondent(s)) means assent to this Affidavit and a fault (U.C.C. § 1-209(16)) exists creating a fraud through material misrepresentation, which vitiates all forms, contracts, and agreements, expressed, or implied, from the beginning, U.C.C. § 1-103, nunc pro tunc; refusal or neglect to provide Affiant with a proper convertible response, point for point, with certified documentary evidence of any superior claim involving the true name to the name ASTARTE DAVIS-RICE (ENS LEGES), or any variation or derivative thereof or therefrom, used in any of the above case numbers shall be deemed incontrovertible, conclusive evidence that no charges exists, denying Affiant, Astarte Davis-Rice, a natural person, her fundamental rights to due process of law, causing Affiant damage for which Respondent(s) agree to be liable; and,

Affiant states and avers that her character and public standing has been irreparably harmed, she has been harassed and intimidated in the community, by illegal, false and unlawful arrest, alleged crimes and incarceration; by slander,libel, defamation of character; and,

Affiant states and avers that Respondent(s) failure to respond will constitute, as an operation of law, the admission of Respondent(s) by tacit admission, procuration, nihil decit, the statements and claims, shall be deemed stare decisis; and Respondent(s) may not argue, controvert, or otherwise protect the administrative findings entered thereby in any subsequent administrative or judicial proceedings to stand as fact in law proceedings; an unrebutted affidavit becomes a judgment; and,

Affiant states and believes that no controversy exists and all facts have been accepted for value. U.C.C. § 3-303; and,

Affiant states and avers that remedy means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal. U.C.C. § 1-201(34); and,

'There can be no sanction or penalty imposed upon one because of exercise of one's constitutional rights.' See Sherer v. Cullen, 481 F.2d 945 (1973); and,

A response is required within ten (10) calendar days (U.C.C. § 1-204) from receipt of this Affidavit by Certified Mail # 7004 2510 0001 2736 0804; and,

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
(applicable to all successors and assigns)

Respectfully submitted,

Dated: _____ 28 2005 _____

Astarte Davis-Rice, Affiant/Petitioner

See Page 31 of 31 for Notary/Jurat

EX:    See attached copies of the following, excepted for value:

Judgment and Commitments for case Nos.: 88-403, 88-133, 88-132, 91-00030 and 02-40212

Plea Agreement

Presentencing Report (P.S.R.)

cc:    5-copies to undisclosed individuals
5-copies to legal deposit box

Dated: _4-28-05_

_____
Astarte Davis-Rice, Petitioner/Affiant

JURAT/NOTARY

State of California  )
) ss.  Affidavit of Astarte Davis-Rice
County of Alameda    )

Subscribed and sworn (or affirmed) before me this ___28___ day of ___APRIL___, 2005, by Astarte Davis-Rice, personally known to me or proved to me on this basis of satisfactory evidence to be the person who appeared before me.

(Seal)                          Signature _____

DONALD L. KNUTSON
Commission # 1320436
Notary Public - California
Alameda County
My Comm. Expires Sep 9, 2006

CERTIFICATE OF SERVICE

I, the undersigned, pursuant to 28 U.S.C.A. § 1746(2), upon my oath under penalty of perjury, do hereby state and certify that I have mailed a copy of this document in the legal mail box as provided by the Federal Correctional Institution, 5701 8th Street, Camp Parks, Dublin, California 94568; to the following people as listed below.

David M. Nissman
Office of the United States Attorney
P.O. Box 3229
56 King Street
Christiansted
St. Croix, Virgin Islands  00820-3239

Stephen Corrigan
Case C 02-40212 - Oakland Division
Office of the United States Attorney
450 Golden Gate Ave. - 10th Floor
San Francisco, CA 94102-3495

Office of the United States Attorney
United States courthouse
Case 88-403 - Rule 20, Virgin Islands District court, St. Croix Division
515 Rusk Ave.
Houston, TX 77002

Executed this ___10th___, day of ___August___, 2005.

Sincerely,

_____
Astarte Davis-Rice, Affiant/Petitioner

1    KEVIN V. RYAN (SBN 118321)
     United States Attorney
2    JOANN M. SWANSON (SBN 88143)
     Chief, Civil Division
3    OWEN P. MARTIKAN (SBN 177104)     **RECEIVED**
     Assistant United States Attorney
4                                                AUG 31 2006
        450 Golden Gate Avenue,10th Floor
5       San Francisco, California 94102-3495     RICHARD W. WIEKING
        Telephone:    (415) 436-7241             CLERK, U.S. DISTRICT COURT
                                                 NORTHERN DISTRICT OF CALIFORNIA
6       Facsimile:    (415) 436-6748             OAKLAND
        Email:        owen.martikan@usdoj.gov
7                                                                    **FILED**
     Attorneys for Respondent                                   SEP 0 5 2006
8                                                               RICHARD W. WIEKING
                    UNITED STATES DISTRICT COURT            CLERK, U.S. DISTRICT COURT
9                                                          NORTHERN DISTRICT OF CALIFORNIA
                    NORTHERN DISTRICT OF CALIFORNIA              OAKLAND
10                                                                    FS
                          OAKLAND DIVISION

11   ASTARTE DAVIS-RICE,                    )
                                            )    Case No. C 03-00464 DLJ
12                          Petitioner,     )
                                            )
13                                          )    **STIPULATION FOR COMPROMISE**
                    v.                      )    **SETTLEMENT AND RELEASE AND**
14                                          )    |PROPOSED| **ORDER**
     HARLEY G. LAPPIN, Director, Federal    )
15   Bureau of Prisons,                     )
                                            )
16                          Respondent.     )
     _____    )
17

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
     RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
                    Deputy Clerk
Date ___SEP 0 5 2006___

18        IT IS HEREBY STIPULATED by and between the undersigned parties and their

19   attorneys, that this action be settled and compromised, as follows:

20        1.    Respondent shall adjust petitioner's sentence in *Government of the Virgin Islands*

21   *v. Astarte Davis-Rice*, U.S. District Court, District of the Virgin Islands case number 88-132

22   (which is a 10-year sentence for the violation of various Virgin Islands laws) by reducing that

23   sentence as follows: (1) the sentence will be reduced by eight months and 15 days (which is a

24   total of 285 days); and (2) the sentence will be further reduced to reflect statutory good time

25   earned at the rate of 10 days per month (for a total of 1200 days statutory good time over ten

26   years, assuming that petitioner does not forfeit any future statutory good time for potential future

27   violations of Bureau of Prisons rules or regulations) pursuant to the order of the Court in

28   this action.

1      2.     The sentence adjustments described above by respondent are in full and final

2 settlement and satisfaction of any and all claims and demands which petitioner has against

3 respondent, the United States of America, the other named defendants herein, or any

4 departments, agents, servants, employees or attorneys of respondent, arising from the events

5 described in petitioner's petition in this action.

6      3.     Petitioner's petition in this action shall be dismissed with prejudice. In addition,

7 petitioner shall dismiss with prejudice her appeals in the U.S. Court of Appeals for the Ninth

8 Circuitwith the following Ninth Circuit docket numbers: 05-15898, 05-17413, and 05-17426.

9 This stipulation does not affect petitioner's ability to pursue her appeal in Ninth Circuit case

10 number 05-16810. Petitioner shall not pursue the portion of her January 26, 2006 tort claim

11 described at paragraphs 86, 90, and 91 of that claim. Petitioner also agrees not to pursue any

12 administrative remedies or U.S. District Court litigation relating to any issues raised in her

13 petition in this action, so long as respondent adjust's petitioner's sentence as set forth in

14 paragraph 1, above, within a reasonable time, not to exceed 45 days from the date of the Court's

15 order approving this stipulation.

16      4.     Petitioner Astarte Davis-Rice will accept the sentence adjustments described in

17 paragraph 1, above, in full settlement and satisfaction of any and all claims and demands which

18 Astarte Davis-Rice, her successors or assigns may now have against respondent, the United

19 States of America, or any of its departments, agents, servants, employees or attorneys, on account

20 of the events described in petitioner's pleadings in this action.

21      5.     Petitioner Astarte Davis-Rice does hereby release and forever discharge the

22 federal defendants, the United States and any and all of its past and present officials, employees,

23 agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities,

24 actions, causes of actions, claims and demands or any kind and nature whatsoever arising out of

25 the allegations set forth in petitioner's pleadings in this action.

26      6.     This Agreement may be pled and will serve as a full and complete defense to any

27 subsequent action or other proceeding involving any person or party which arises out of the

28 claims released and discharged by the Agreement, as long as the adjustments described in

SETTLEMENT STIP. AND RELEASE AND [PROPOSED] ORDER
C 03-00464 DLJ               2

1   paragraph 1, above, have been made.

2       7.    The parties agree to bear their own attorney's fees and costs.

3       8.    This is a compromise settlement of a disputed claim and demand, which

4   settlement does not constitute an admission of liability or fault on the part of respondent, the

5   United States of America, the federal defendants, or any of their agents, servants, employees or

6   attorneys, on account of the events described in Plaintiffs' complaint in this action.

7       9.    This instrument shall constitute the entire agreement between the parties, and it is

8   expressly understood and agreed that the Agreement has been freely and voluntarily entered into

9   by the parties hereto with the advice of counsel, who have explained the legal effect of this

10  Agreement.  The parties further acknowledge that no warranties or representations have been

11  made on any subject other than as set forth in this Agreement.  This Agreement may not be

12  altered, modified or otherwise changed in any respect except by writing, duly executed by all of

13  the parties or their authorized representatives.

14      IT IS SO STIPULATED.

15  **For Petitioner Astarte Davis-Rice.**          BARRY PORTMAN
                                                      Federal Public Defender
16

17  DATED:   8/22/06           By:    _____
18                                    JOYCE LEAVITT
                                      Attorney for Petitioner
19
    DATED:   8/22/06           By:    _____
20                                    ASTARTE DAVIS-RICE
                                      Petitioner
21

22  **For The Federal Defendants.**

                                      KEVIN V. RYAN
23                                    United States Attorney

    DATED:   8/18/06           By:    _____
24                                    OWEN P. MARTIKAN, AUSA
                                      Attorneys for Federal Defendants
25

26                      [PROPOSED] ORDER

        Pursuant to stipulation, IT IS SO ORDERED.
27
    DATED:   Sept. 5, 2006      _____
28                                    HON. D. LOWELL JENSEN, USDJ

SETTLEMENT STIP. AND RELEASE AND [PROPOSED] ORDER
C 03-00464 DLJ                           3

BP-S148.055                    **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Warden Clark | DATE: 10/10/06 |
|---|---|
| FROM: DAVIS-RICE, Astarte | REGISTER NO.: 01137-094 |
| WORK ASSIGNMENT: Unicor | UNIT: A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

PLEASE SEE ATTACHED

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)            This form replaces BP-148.070 dated Oct 86
                                                and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER            **SECTION 6**

Warden Clark
Pg 2  - 10/10/06
Astarte Davis-Rice
01137-094 Unit A


Please be advised: Under Virgin Islands District Court Case No. D.C. Civil 2005/118
case Nos. 88-403, 88-133, 88-132, 91-00030 and 02-40212 (these are the criminal cases
which I have been imprisoned under) were declared fraudulent.

Thereby, I am being held illegally by the Federal Bureau of Prisons, Warden Clark at
the Federal Correctional Institution, Dublin, California and should have been released.
Therefore, additional liabilities as the Bureau was advised under my tort claim dated
January 26, 2006; filed with the Secretary of State on April 17, 2006 No. 06-7066734423;
presented to the Department of Justice on May 30, 2006 and the Federal Bureau of Prisons,
Washington D.C. (by the Torts Division) on June 22, 2006.


             NOTICE TO AGENT IS NOTICE TO PRINCIPAL
             NOTICE TO PRINCIPAL IS NOTICE TO AGENT
     (applicable to all successors and assigns U.C.C. § 1-201(25)(h) and § 1-201(27))

**CLERK** of the
United States District Court
   Northern District of California
   Oakland Division
**Office of the Clerk**
1301 Clay Street
Oakland, CA 94612


Re:    New case

Dear Clerk;

     Please file the enclosed habeas **Petition,** returning my face
copy in the enclosed self-addressed stamped envelope for your convenience.


Most sincerely,

Astarte Davis-Rice
01137-094 Unit A
Federal Correctional Institution
5701 8th Street - Camp Parks
Dublin, CA 94568


Dated:   _1 - 15 - 08_



DUENY-024-05467
Federal Correctional Institution

5701 8th Street - Camp Parks

Dublin, CA 94568

RECEIVED

JAN 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

LEGAL MAIL

CLERK of the
United States District Court
Northern District of California
Oakland Division

Office of the Clerk

1301 Clay Street
Oakland, CA 94612